(77 Misc. Rep. 641.)

### PFIZER v. WASSERMANN et al

(Supreme Court, Special Term, New York County.  October, 1912.)

ACCOUNT (§ 25*)—ACTION TO OPEN ACCOUNTING—COMPLAINT.
 Where plaintiff gave defendant stockbrokers a discretionary order to buy and sell the maximum number of shares, and the transaction resulted in a net loss, which plaintiff paid after accounting, the complaint in an action to open an accounting for fraud, alleging that defendants failed to send plaintiff a copy of his order, and that after the accounting he learned that defendants had exceeded their authority, and the allegation that defendants reported all purchases to plaintiff, who failed to allege that he was not at the time of the accounting in possession of all the facts he now knows, sets forth no cause of action.
 [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 143–153;  Dec. Dig. § 25.*]

Action by Gustavus Adolphus Pfizer against Jesse Wassermann and others. On motion for judgment on the pleadings. Granted.

See, also, 151 App. Div. 724, 136 N. Y. Supp. 203.

Frederick W. Garvin, of New York City (George C. Lay, of New York City, of counsel), for plaintiff.

Wise & Lichtenstein, of New York City, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GOFF, J. Motion for judgment on the pleadings. The action is for an accounting on the part of stockbrokers to whom plaintiff gave a discretionary order to buy and sell for him not in excess of 2,000 shares; the transaction resulting in a net loss, as stated by the brokers, of upwards of $389,000. Plaintiff paid the indebtedness upon an accounting April 30, 1910, but now desires to open the accounting on the ground of fraud. The difficulty is that there are no facts alleged in the complaint sufficient to constitute an allegation of fraud. The main circumstance alleged to prove it is that defendants failed and refused to send plaintiff a copy of his discretionary order, that plaintiff had no means of refreshing his memory as to its terms, that he did not receive a copy of the order until after the accounting of April 30, 1910, and that then, for the first time, he learned that defendants had exceeded their authority, in that they had bought more than 2,000 shares.

These are the facts upon which hang many subsequent allegations, such as that defendants "erroneously charged to the plaintiff various heavy losses," that they "wrongfully represented to plaintiff in an account rendered * * * that there was a debit balance standing against plaintiff in the sum of $389,129.90," "that the accounts from which said balance was derived were not correctly kept," and that "the defendants wrongfully charged to the plaintiff large amounts of commissions." The word "wrongfully" is a mere characterization. These allegations are merely conclusions from the specific facts pleaded, that defendants refused to send plaintiff a copy of his order, and that they exceeded the authority given in that order in that they bought more than 2,000 shares. But there is also an allegation that defendants reported all purchases to plaintiff. Knowing of such purchases, and not objecting to them, he ratified them. Clews v. Jamieson, 182 U. S. 461, 21 Sup. Ct. 845, 45 L. Ed. 1183. Plaintiff knew that these sales were in excess of defendants' authority if he remembered the terms of his order. It must be assumed that he remembered, because he nowhere alleges that he forgot. He does allege that on receipt of a copy of his order he then for the first time knew of the departure from instructions; but as he knew the terms of the order when he gave it, and knew of the purchases, this must be construed to mean that on receipt of a copy of the order he then for the first time directed his attention to the fact that his instructions had been disregarded. Even if he had forgotten the contents of his order, he was not bound to permit it to stand, in whatever shape it might be. If he did not wish defendants to continue to purchase for him, he might have canceled or modified his order at any time. He thus ratified all acts of defendants which are alleged to be fraudulent, unless it be that the withholding of a copy of the letter of instructions, with the intent to keep plaintiff ignorant of its nature, constituted fraud. But it was not by reason of such refusal that he was damaged, because he might have modified his order at any time, and damage must be alleged before there is a right to an accounting.

Then, again, there is no allegation, other than as above stated, that at the time of the accounting plaintiff was not in possession of all the facts he knows now. That accounting is a bar to a further accounting,

if there was no subsequent discovery of fraud. No such subsequent discovery has been alleged. There is an allegation that the accounting was made up of fictitious transactions, but it was not alleged that such transactions were unknown to plaintiff at the time of the accounting. It is alleged, also, that plaintiff's account was wrongfully charged with $10,000, being the purchase price of 100 shares of the Juarez Jockey Club, which plaintiff expressly instructed defendants not to purchase for his account; but it is not alleged that plaintiff was thereby damaged. For all that appears, that stock may have increased in value. In the absence of an allegation of damage, there is no cause of action. Baker v. Drake, 53 N. Y. 211, 13 Am. Rep. 507; Porter v. Wormser, 94 N. Y. 431. A careful reading of the complaint fails to disclose a cause of action.

Motion granted, with costs, with leave to amend the complaint within 10 days after service of a copy of an order to be entered hereon, with notice of settlement and upon payment of costs.

Motion granted, with costs, with leave to amend complaint within 10 days.